IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 5:19-CR-20 |
| | § | |
| TERRIANCE D. SHEPHERD | § | |

# REPORT AND RECOMMENDATION
## ON DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge. On February 22, 2021, the Court received the Sealed Psychiatric Report for Defendant (Docket Entry #28). On March 2, the Court held a second competency hearing.

## I. Background

Defendant Terriance D. Shepherd ("Defendant") is charged by indictment with making a false return, in violation of 26 U.S.C. § 7206(1). Defendant initially appeared in this Court on October 1, 2019 and entered a plea of not guilty to the charge. The Government filed a motion for detention but withdrew said motion on October 2, 2019. Defendant was released with conditions on a $5,000.00 unsecured bond.

On November 1, 2019, counsel for Defendant Charles Van Cleef filed an Unopposed Motion for Psychiatric Exam (Docket Entry #13), which requested the Court order a psychiatric and psychological examination, to determine Defendant's competency to stand trial and sanity at the time of the commission of the offense, pursuant to Title 18, United States Code, § 4241(d). Defendant also filed a Notice of Insanity Defense on November 1, 2019 (Docket Entry #12). The Government then filed a Sealed Motion for Pretrial Examination under 18 U.S.C. § 4242 on December 2, 2019, requesting a mandatory psychiatric or psychological examination for the Defendant based on Defendant's Notice of Insanity Defense (Docket Entry # 19).

On December 3, 2019, the Court held a hearing on both the Defendant's Unopposed Motion for Psychiatric Exam and the Government's Sealed Motion for Pretrial Examination. After hearing argument on Defendant's Unopposed Motion for Psychiatric Exam and the Government's Sealed Motion for Pretrial Examination, the Court granted both motions on December 5, 2019. (Docket Entry # 21). The Court ordered that Defendant be committed to the custody of the Attorney General for a period not to exceed 30 days and be examined by a qualified psychiatrist or psychologist, under the provisions of Title 18, United States Code, Sections 4241, 4242, and 4247, to determine whether Defendant was presently mentally competent and able to understand the proceedings against him and to assist properly in his own defense, and whether any such incompetency included the date(s) of his alleged criminal behavior set forth in the Indictment herein (Docket Entry #21).[1]

On February 6, 2020, the Court received a sealed psychiatric report and scheduled a competency hearing. After the competency hearing on February 12, 2020, based upon the report and the testimony presented at the hearing, the Court issued a Report and Recommendation that the District Court find by a preponderance of the evidence that Defendant was incompetent to stand trial under 18 U.S.C. § 4241 (Docket Entry #24). The Report further recommended the District Court order Defendant be committed to the custody of the Attorney General for treatment in a suitable facility for a reasonable time period, not to exceed four months, to determine whether there was a substantial probability Defendant would retain mental capacity in the foreseeable future to proceed to trial on the charges. *Id*. The Court adopted this Report and Recommendation in its entirety on March 9, 2020 (Docket Entry #25). Defendant was committed to the custody of the Attorney General for treatment at the U.S. Medical Center for Federal Prisoners on August 24, 2020 (Docket Entry #28).

---

[1] The Court also found there was clear and convincing evidence that Defendant violated the conditions of his release and revoked his pretrial release (Docket Entry #20).

## II. Report of Psychological Examination

On January 11, 2021, the warden of the U.S. Medical Center for Federal Prisoners notified the Court that an examiner had completed her psychological evaluation of Defendant. Ashley Christiansen, Ph.D., ABPP, found Defendant mentally competent to proceed at this time, and that Defendant had the mental capacity to understand the legal proceedings against him and to assist an attorney in preparing his defenses. Specifically, she found that although Defendant suffers from mental disease, his symptoms are currently well managed via psychiatric medication and do not impair his competency related abilities.[2] She concluded his symptoms appeared to have stabilized, and that provided he remains compliant with his psychiatric medication, his current competency related abilities would likely be maintained. The warden issued a certificate of competency pursuant to 18 U.S.C. § 4241(d).

This report and certificate were filed in the record under seal and forwarded to Defendant's attorney and the attorney for the Government.

## III. Competency Hearing

On March 2, 2021, this Court conducted a competency hearing to address the findings contained within the report.[3] The Government and the Defendant did not object to the admission of the report or the findings contained within the report. The parties agreed with this Court's ultimate recommendation that Defendant be found competent to stand trial at this time.

## IV. Analysis

If, after a competency hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or

---

[2] The report did not address Defendant's mental state at the time of the alleged crime or the issue of responsibility.

[3] On March 2, 2021, following the Court's hearing regarding Defendant's competency to stand trial, Defendant filed an Unopposed Motion to Withdraw Notice of Insanity Defense (Docket Entry # 29). On March 3, 2021, the Court granted Defendant's Unopposed Motion to Withdrawn Notice of Insanity Defense (Docket Entry # 34).

3

to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4241(c). The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. *Id.* After the initial four month time period, the Attorney General may continue a defendant's hospitalization for an additional reasonable period of time until the earlier of the following two options: (1) the defendant's mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (2) the pending charges against the defendant are disposed of according to law. *Id.* Section 4241(d) also provides the following:

> When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. The court shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings.

18 U.S.C. § 4241(d).

### III. Conclusion and Recommendation

Accordingly, based upon the opinion issued by the forensic evaluator, Dr. Ashley Christiansen, and the certificate of competency sent to the Clerk of Court from J.E. Krueger, Warden at the U.S. Medical Center for Federal Prisoners, the undersigned United States Magistrate recommends that the District Court find by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his

defense, and that Defendant is competent to stand trial.[4] For all these reasons, it is

**RECOMMENDED** that the District Court find by a preponderance of the evidence that Defendant Terrance D. Shepherd is competent to stand trial as he has recovered such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Objections

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings and recommendations of the undersigned. All parties were informed of this right and **have waived their right to file objections.**

**SIGNED this 8th day of March, 2021.**

*[signature]*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

[4] Pursuant to 18 U.S.C. § 4241(d), the Court should also order Defendant's immediate discharge from the facility in which Defendant is hospitalized and shall set a date for trial or other proceedings. At the time of this Report and Recommendation, Defendant is no longer in the facility where he was hospitalized, and the Court has already set a date for trial and other proceedings.